UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| 6 TRUSTS INDIANA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04212-JMS-MPB |
| | ) | |
| CAROLINA LOGISTICS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

This matter is before the Court on a Motion filed by Plaintiff 6 Trusts Indiana, LLC ("6 Trusts") to Strike a Demand for Attorneys' Fees from Defendant Carolina Logistics Services, LLC's ("CLS") Counterclaim. [Filing No. 26.] 6 Trusts' Motion to Strike is now fully briefed and is ripe for the Court's consideration.

## I.
### DISCUSSION

On August 1, 2017, 6 Trusts brought suit against CLS in Hamilton Superior Court alleging damages arising out of a lease agreement. [Filing No. 1-1 at 4.] CLS filed a counterclaim alleging breach of contract and requesting attorneys' fees and costs. [Filing No. 1-4 at 9.] 6 Trusts then filed a Motion to Strike CLS' demand for attorneys' fees. [Filing No. 26.]

On November 13, 2017, CLS removed this matter to federal court, alleging jurisdiction on the basis of diversity of citizenship. [Filing No. 1.] At the time of removal, 6 Trusts' Motion to Strike remained pending.

In its Motion to Strike, 6 Trusts argues that "pursuant to Indiana law, each party is responsible for its own attorney's fees, unless a contract or statute provides otherwise," and that

CLS' Counterclaim fails to allege any such contractual or statutory basis. [Filing No. 26 at 2.] To the contrary, 6 Trusts alleges that the applicable lease agreement does not provide that CLS shall be entitled to recover attorneys' fees from 6 Trusts, but instead provides that in the event of default, CLS "shall be liable for and hereby agrees to pay any and all expenses, including but not limited to attorney fees incurred by" 6 Trusts. [Filing No. 27 at 2.]

In response, CLS argues that striking its demand for attorneys' fees "would be improper, particularly at this early stage of the litigation." [Filing No. 8 at 2.] CLS argues that it is not required to cite a basis for attorneys' fees, [Filing No. 8 at 3], and that 6 Trusts has failed to allege how it will be prejudiced by keeping the demand for attorneys' fees in the case, [Filing No. 8 at 4].

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may either strike on its own or on a motion by a party, and it has "considerable discretion" in striking any redundant, immaterial, impertinent, or scandalous matter. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

CLS cites several cases in support of its argument that striking a demand for attorneys' fees is not proper at the outset of a case; however, those cases are distinguishable from this case. For example *Rodriquez v. Long* involved a prayer for attorneys' fees that were available in the event that the opposing party's "denials of liability or affirmative defenses are frivolous, unreasonable, or groundless." 2009 WL 2253195, at *1 (N.D. Ind. July 27, 2009). Similarly, *Sanyo Laser Prod., Inc. v. Royal Ins. Co. of Am.* involved a bad faith claim. 2003 WL 23101793 (S.D. Ind. Nov. 7, 2003). In denying a Motion to Strike a claim for attorneys' fees, the *Sanyo* Court specifically noted that Indiana law allows for such fees "to a party forced into litigation due to another's bad

faith." *Id.* at \*6 (citing Ind. Code § 34–52–1–1(b)). In this case, however, CLS does not allege in its Answer and Counterclaim that 6 Trusts' claims are frivolous, unreasonable, groundless, or made in bad faith. Rather, CLS merely states that 6 Trusts "mischaracterizes the Lease Agreement." [Filing No. 1-4 at 4.] Accordingly, CLS has neither alleged nor shown that an award of attorneys' fees is possible under the circumstances present in *Rodriquez* and *Sanyo*.[1]

CLS also cites *McKinely v. Rapid Global Business Solutions, Inc.*, in support of its argument that courts should not require more than is mandated by Fed. R. Civ. P. 8. [Filing No. 8 at 2 (citing 2017 WL 2555731 (June 13, 2017)).] But *McKinley*, too, is inapposite to the facts of this case in that it applies specifically to affirmative defenses and is silent on the issue of attorneys' fees.

Instead, this Court finds persuasive the reasoning in *United Leasing, Inc. v. Balboa Capital Corp.*, which dealt with an allegation of entitlement to attorneys' fees pursuant to a contract which did not provide for either party to recover such fees. 2017 WL 3674926 (S.D. Ind. Aug. 25, 2017). The Court dismissed the claim for attorneys' fees because, regardless of whether other claims survived the motion to dismiss, neither party was entitled to attorneys' fees under the contract. *Id.* at \*4. Similarly, CLS does not allege that the lease agreement at issue in this case entitles it to attorneys' fees in its brief in opposition to the Motion to Strike. As such, in order to "remove unnecessary clutter from the case," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989), and finding "no future development or occurrence in this matter" that will merit the award of attorneys' fees, *Hasse Const. Co. v. v. Gary Sanitary Dist. Bd. of Comm'rs*, 2008 WL

---

[1] Similarly, Ind. Code § 34–52–1–1(b) does not provide grounds for CLS' request for attorneys' fees. *See generally Landmark Legacy, LP v. Runkle*, 81 N.E.3d 1107, 1113-14 (Ind. Ct. App. 2017) (setting forth grounds under which Indiana's "General Recovery Rule" allows for an award of attorney's fees).

3

2169000, at *8 (N.D. Ind. May 23, 2008), the Court exercises its discretion to strike CLS' claim for attorneys' fees from the Counterclaim.

## II.
### CONCLUSION

For the foregoing reasons, 6 Trusts' Motion to Strike, [26], is **GRANTED** and CLS' demand for attorneys' fees is stricken. This Order addresses the lack of any basis for recovery of fees should CLS prevail on the counterclaim, and should not be construed to prevent either party from seeking recovery of attorney fees where otherwise authorized by law.

Date: 2/15/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via EFC only to all counsel of record.**